IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIVER VILLAGE WEST LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05 C 2103 |
| v. ) | |
| ) | |
| THE PEOPLES GAS LIGHT AND ) | |
| COKE CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of Defendant, the Peoples Gas Light and Coke Company ("Peoples") for reassignment of related cases. Pursuant to Local Rule 40.4, Peoples seeks to have the following cases assigned to this Court: Snitzer v. The Peoples Gas Light and Coke Co., No. 06 C 4465 ) (Snitzer I ) (Judge Pallmeyer) and Snitzer v. The Peoples Gas Light and Coke Co., No. 06 C 5901 (Snitzer II) (Judge Darrah). For the following reasons, the motion for reassignment due to relatedness is granted.

Peoples is seeking to consolidate three citizen suits brought against it by common plaintiffs pursuant to the Resource Conservation and Recovery Act, 42 U.S.C.6972 ("RCRA"). All three suits seek an order requiring Peoples to abate an alleged imminent and substantial endangerment arising from the handling, storage and disposal of "solid and hazardous wastes" generated by manufactured gas plant ("MGP") operations on sites located near or adjacent to the Chicago River. Plaintiffs in all three suits also claim to have an interest in addressing groundwater contamination allegedly entering into the Chicago River from these sites.

The issue of whether to reassign a case under Local Rule 40.4 lies within the discretion of this Court. Clark .v Ins. Car Rentals, Inc., 42 F. Supp.2d 846, 847 (N.D. Ill. 1999). The moving party must meet the requirements of both Local Rule 40.4(a) and (b). Hollinger Int'l Inc. v. Hollinger, Inc., 2004 WL 1102327 (N.D. Ill., May 5, 2004). Local Rule 40.4(a) provides that two or more civil cases may be related if at least one of the conditions are met: 1) the cases involve the same property; 2) the cases involve some of the same issues of fact or law; 3) the cases grow out of the same transaction or occurrence; or 4) in class action suits, one or more of the classes involved in the cases is or are of the same.

In this case, the requirements of Local Rule 40.4(a) are met because the current case, Snitzer I and Snitzer II are related because they all involve the Chicago River and sites along or near the Chicago River. Moreover, they have very similar questions of fact and nearly identical questions of law. They all grow out of Snitzer's claims against Peoples relating to alleged MGP operations and the handling, storage and disposal of "solid and hazardous wastes" as defined under RCRA in connection with those operations. Therefore, the requirements of Local Rule 40.4(a) are met.

In addition, the requirements of Local Rule 40.4(b) must be met in order for reassignment. That provision provides that a case may be reassigned only if each of the following criteria are met: 1) both cases are pending in this Court; 2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; 3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and 4) the cases are susceptible of disposition in a single proceeding.

In this case, all the suits are pending in the Northern District of Illinois. All three cases are in the earliest possible stages of discovery, so there will be no delay to any of the cases. Because this case was the first of the three matters to be filed and has the lowest case number, this motion to consolidate is properly before this Court. Moreover, given the similarities among the three cases, it is clear that substantial judicial resources will be saved if the matters are consolidated. All three cases have essentially the same plaintiffs, identical defendants, the same legal theories, substantially similar factual theories, and involve the same Chicago River. Furthermore, the same witnesses will likely be called for all three matters. Finally, consolidation will likely result in disposition of the cases in a single consistent proceeding.

For the foregoing reasons, we grant the motion of Peoples for reassignment due to relatedness (# 25). The following cases are hereby transferred to the calendar of Judge Andersen and consolidated with this action: <u>Snitzer v. The Peoples Gas Light and Coke Co.</u>, No. 06 C 4465 (Judge Pallmeyer) and <u>Snitzer v. The Peoples Gas Light and Coke Co.</u>, No. 06 C 5901 (Judge Darrah).

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 14, 2007